



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY SNELL,

    Petitioner,

v.

ANDREW JACKSON,

    Respondent.
_____/

Civil No. 04-73883-DT
HONORABLE BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS

Jeffrey Snell, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his application, filed *pro se,* petitioner challenges the Michigan Department of Corrections' [M.D.O.C.] decision which found him guilty of the major misconduct of smuggling. For the reasons stated below, the petition for writ of habeas corpus is **DENIED**.

### I. Background

On April 19, 1994, petitioner was sentenced to life imprisonment for delivery or manufacture of 650 or more grams of cocaine and ten to thirty years in prison for delivery of manufacture of more than 50 grams of cocaine. On November 14, 2001, petitioner was found guilty by an M.D.O.C. hearing officer of the major misconduct offense of smuggling. Petitioner received a thirty day loss

of privileges and a permanent visitor restriction for the misconduct. Petitioner's request for rehearing was denied by the M.D.O.C.

Petitioner's petition for judicial review was denied. *Snell v. Michigan Department of Corrections,* 02-688-AA (Ingham County Circuit Court, December 16, 2002). The decision was affirmed by the Michigan Court of Appeals. *Snell v. Dept of Corrections,* 248273 (Mich.Ct.App. November 21, 2003). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected because it was untimely filed. [1] Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. The hearing officer's decision was clearly erroneous and violated Petitioner's constitutional due process rights as the evidence was not supported by competent, material, or substantive evidence on the whole record by statutory law, M.C.L.A. 791.251(k), requiring reversal of the lower court's decision affirming the state court findings.
>
> II. The hearing conducted by hearings officer Barbara Bush, upheld by the circuit court, was arbitrary action of government where the hearings officer was called in to hold the hearing for the sole purpose of finding guilt, because of the 90 % guilt finding imposed upon hearings officers by the M.D.O.C., where no tangible evidence supported the charge.

## II. Discussion

Petitioner is not entitled to habeas relief on his claims for several reasons. First, petitioner fails to satisfy the "in custody" requirement of § 2254, which requires that a habeas petitioner be "in custody" under the conviction or sentence

---

[1] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated March 14, 2005.

that is under attack at the time that the petition is filed. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989). In this case, petitioner does not allege that he was placed in more restrictive custody as a result of the major misconduct conviction, nor does he allege that he forfeited any disciplinary credits that he had earned as a result of the M.D.O.C.'s decision. The only thing that petitioner alleges is that he received a thirty day loss of privileges and a permanent restriction on his visitation for this misconduct ticket.

A habeas petitioner cannot challenge the loss of non-custodial privileges by way of a habeas petition, because the loss of such privileges has only a "speculative or incidental effect" on the length of a prisoner's sentence and are not "close to the core of habeas corpus." See *Homen v. Hasty,* 229 F. Supp. 2d 290, 295 (S.D.N.Y. 2002)(internal citations omitted); See also *Hinebaugh v. Wiley,* 137 F. Supp. 2d 69, 76 (N.D.N.Y. 2001). Likewise, any restriction of petitioner's visitation privileges would be unrelated to the length of his custody, and thus, habeas corpus relief is unavailable on this ground. See *Zimmerman v. Davis,* 90 Fed. Appx. 157, 159-60 (7th Cir. 2004). [2] Because petitioner was neither placed in a more restrictive type of custody nor received a more extended custody as a result of this misconduct conviction, he does not satisfy the "in custody" requirement of § 2254 and cannot maintain a habeas action with respect

---

[2] Moreover, petitioner was not entitled under Michigan law to earn disciplinary credits against his sentences for delivery of a controlled substance. See *Dean v. Department of Corrections,* 453 Mich. 448, 461-64; 556 N.W. 2d 458 (1996)(citing M.C.L.A. 333.7401(3)); *Rhodes v. Department of Corrections,* 227 Mich. App. 174, 184-85; 578 N.W. 2d 320 (1997).

to his misconduct conviction. *See Johnson v. Freeburn,* 29 F. Supp. 2d 764, 776, n. 3 (E.D. Mich. 1998); *See also Pernokis v. McBride,* 67 Fed. Appx.931, 932 (7th Cir. 2003)(state prisoner not "in custody" as a result of a disciplinary sanction, where the sanction did not affect the duration of his incarceration). Because there is no allegation that the major misconduct conviction here affected the duration of petitioner's incarceration, he is not entitled to habeas relief on his claims.

Secondly, petitioner has failed to show that the prison disciplinary hearing violated his constitutional rights. As an initial matter, it is unclear whether petitioner has any right to due process in any prison disciplinary proceeding which results in sanctions less serious than the loss of good time credits or disciplinary segregation. In *Wolff v. McDonnell,* 418 U.S. 539, 571-72, n. 19 (1974), the United States Supreme Court declined to suggest that the minimum due process procedures that it had outlined for the loss of good time credits in *Wolff* would also be required for the imposition of "lesser penalties such as the loss of privileges." The Supreme Court has subsequently held that a disciplinary regulation does not implicate a liberty interest unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Because the only sanctions that petitioner received here were the loss of privileges and visitation restrictions, it is doubtful that he was entitled to any due process procedures with respect to

his misconduct hearing. *See Bazzetta v. McGinnis,* 430 F. 3d 795, 802-05 (6th Cir. 2005)(M.D.O.C. regulation banning virtually all visitation for inmates found guilty of two or more violations of major misconduct charge of substance abuse was not a dramatic departure or atypical and significant hardship in relation to ordinary incidents of prison life necessary to implicate a state-created liberty interest, and thus did not rise to level of egregious conduct necessary to violate the guarantees of Fourteenth Amendment's procedural due process clause); *Ingram v. Jewell,* 94 Fed. Appx. 271, 273 (6th Cir. 2004)(sanctions imposed on state inmate, including 14-day loss of privileges, did not deprive inmate of liberty interest protected by due process, inasmuch as such sanctions neither extended duration of his sentence nor imposed atypical, significant deprivation); *Tanney v. Boles,* 400 F. Supp. 2d 1027, 1040 (E.D. Mich. 2005)(inmate's loss or restriction of telephone privileges for disciplinary reasons is not considered an atypical and significant hardship, even when the disciplinary charges are allegedly false, and therefore does not implicate a liberty interest protected by due process).

Assuming that such due process procedural guarantees apply, they were satisfied in this case, because there was sufficient evidence from which petitioner could have been found guilty of violating M.D.O.C. policies regarding the smuggling or attempted smuggling of contraband into the prison. The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F. 3d 483, 486 (6th Cir. 1995).

5

"'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Id.* (*citing to Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)); *See also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In determining whether a decision of a prison disciplinary board is supported by evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F. 3d at 486 (*citing to Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56. Moreover, the evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz,* 271 F. Supp. 2d at 948. Thus, a hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt, or find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

In the present case, there was some evidence to support the hearing officer's decision to find petitioner guilty of attempting to smuggle contraband into the prison. The hearings officer's decision that petitioner was attempting to smuggle contraband into prison was based on several letters that petitioner wrote and taped conversations of telephone calls that petitioner had with several persons. In these letters and telephone calls, petitioner made several cryptic

6

remarks which could reasonably be inferred as referring to the smuggling of narcotics into prison. The mere fact that the hearings officer did not rule out alternative hypotheses for petitioner's comments and remarks would not render the evidence insufficient to convict petitioner of the misconduct in this case. Because the M.D.O.C. hearings officer's finding was supported by some evidence, petitioner is not entitled to habeas relief on this claim.

Petitioner further alleges that the M.D.O.C. had a policy or expectation that their hearing officers would not find more than 10 % of the prisoners who appear before them not guilty of misconduct. Petitioner alleges that this pressure from the M.D.O.C. on its hearing officers prevented him from having a fair and impartial disciplinary hearing.

A criminal defendant who is tried by a partial judge is entitled to have the conviction set aside, regardless of the strength of the evidence against him or her. *Edwards v. Balisok,* 520 U.S. 641, 647 (1997)(internal citations omitted). Although due process requirements for prison disciplinary hearings may be less demanding that those for a criminal prosecution, they are not so lax as to let the decision of a biased hearing officer stand. *Id.* (*citing to Wolff,* 418 U.S. at 570-71). However, neither *Wolff* nor any other Supreme Court case has "precisely outlined the definition of an 'impartial decisionmaker'" for purposes of a prison disciplinary hearing. See *Hoskins v. McBride,* 202 F. Supp. 2d 839, 846-47 (N.D. Ind. 2002). "The degree of impartiality of prison officials does not rise to the level of judges

7

generally. It is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." *Allen v. Cuomo,* 100 F. 3d 253, 259 (2nd Cir. 1996); *See also Madera v. Goord,* 103 F. Supp. 2d 536, 540 (N.D.N.Y. 2000). The standard of impartiality enunciated in *Wolff* requires that a prison disciplinary hearing officer "not be so insufficiently impartial as to present a 'hazard of arbitrary decisionmaking'". *Black v. Selsky,* 15 F. Supp. 2d 311, 317 (W.D.N.Y. 1998). Therefore, an impartial decisionmaker, for purposes of a prison disciplinary hearing, "is one who, *inter alia*, does not prejudge the evidence and who cannot say....how he would assess evidence he has not yet seen." *Patterson v. Coughlin,* 905 F. 2d 564, 570 (2nd Cir. 1990).

To prove bias in an administrative adjudication, a party "must overcome a presumption of honesty and integrity in those serving as administrators." *See Withrow v. Larkin,* 421 U.S. 35, 47 (1975). The burden of overcoming the presumption of impartiality can only be accomplished with "convincing evidence that a risk of actual bias or prejudgment is present." *Navistar Int'l Transp. Corp. v. E.P.A.,* 941 F. 2d 1339, 1360 (6th Cir. 1991). Any alleged bias or prejudice on the part of a decisionmaker "must be evident from the record and cannot be based on speculation or inference." *Id.* Bare assertions of bias and prejudgment will not support a prisoner's claim that he was denied an impartial prison disciplinary hearing. *See Allen,* 100 F. 3d at 260.

In support of his claim that his prison disciplinary hearing officer was not

8

impartial, petitioner points to the Sixth Circuit's decision of *Perry v. McGinnis,* 209 F. 3d 597, 600 (6th Cir. 2000), which involved a lawsuit by a former M.D.O.C. hearing officer who claimed that his employment with the M.D.O.C. had been terminated because of his race and in retaliation for exercising his First Amendment rights. The plaintiff in *Perry* alleged that he had been disciplined by his superiors because his not guilty/dismissal rate was 17-18 %, above the institutional standard of 10 %. The plaintiff further alleged that the M.D.O.C. was demanding that its hearing officers find 90 % of the inmates who appeared before them guilty. *Id.* at 605-06.

However, as another federal district judge has noted, the Sixth Circuit did not grant a judgment for the plaintiff in *Perry,* but merely reversed the defendants' motion to dismiss and remanded the case to the federal district court for trial. The court noted further that the plaintiff's claim in *Perry* involved his employment with the M.D.O.C. between 1988 and 1993. Finally, the Sixth Circuit's remand did not mean that the plaintiff would succeed on the merits or that the district court would find that the M.D.O.C. practices violated the prisoners' constitutional rights. See *Heit v. Van Ochten,* 126 F. Supp. 2d 487, 493 (W.D. Mich. 2001).

As the court in *Heit* noted, the Sixth Circuit never actually found the existence of the quota system alleged by petitioner. Secondly, such a finding was never made by the federal district court on remand, because the parties in *Perry* stipulated to the dismissal of the plaintiff's action with prejudice after the

matter was remanded to the district court. *Perry v. McGinnis,* U.S.D.C. 96-CV-71373-DT (E.D. Mich. March 19, 2001)(Duggan, J.). [3] Finally, the allegation in the *Perry* case involved the plaintiff hearing officer's employment with the M.D.O.C. between 1988 and 1993. The misconduct hearing in petitioner's case took place in 2001. Assuming that such a quota system existed with the M.D.O.C. between 1988 and 1993, there is no evidence that such a system was in place at the time of petitioner's misconduct hearing in 2001.

In the present case, petitioner's unsupported allegation that M.D.O.C. hearing officers were required to find prisoners guilty in 90% of the misconduct cases is insufficient to overcome the presumption that such hearing officers discharged their duties with honesty and integrity. *See e.g. Higgason v. Lemmon,* 6 Fed. Appx. 433, 435 (7th Cir. 2001). Moreover, assuming the existence of such a quota system, this would be insufficient to establish that the hearing officer in petitioner's case had prejudged his case or had already formed an opinion on petitioner's guilt prior to hearing the evidence. Petitioner, in fact, has presented no evidence that the hearing officer in his misconduct case exhibited any bias towards him or prevented him from having a fair hearing. Because petitioner's allegation of bias is conclusory or unsupported, he is not entitled to habeas relief on his claim.

---

[3] A district court is permitted to take judicial notice of its own files and records in a habeas proceeding. *See Van Woudenberg ex. rel. Foor v. Gibson,* 211 F. 3d 560, 568 (10th Cir. 2000).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. A district court has the power to deny a certificate of appealability *sua sponte*. *See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

The Court recognizes that petitioner brought his habeas corpus petition under 28 U.S.C. § 2241. However, a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability before appealing a federal district court's denial of his habeas petition. *See Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369 (6th Cir. 2001).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of

the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

_____
HON. BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

DATED: